**FILED**
**NOVEMBER 27, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | |
| | ) | No. 39573-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BOBBIE BERNARD DICK, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Bobbie Dick pled guilty to violating a domestic violence protection order. He appeals his sentence, while asserting that his sentencing counsel performed deficiently when not asking for an exceptional downward sentence. We affirm the sentence because Dick fails to show prejudice. We vacate legal financial obligations imposed.

## FACTS

A domestic violence restraining order prohibited appellant Bobbie Dick from contact with the mother of his children, Po'nee Lazard. One day, Lazard retrieved Dick and drove him to Walmart, where the two shopped for an hour. Store video surveillance

confirmed the two interacting with one another. Dick had at least twice before violated the order.

Law enforcement officers spotted the couple in the Walmart and arrested Bobbie Dick. Po'nee Lazard informed one officer that she brought Dick to the ubiquitous big-box retailer.

PROCEDURE

The State charged Bobbie Dick with felony violation of a domestic violence no-contact order. Dick pled guilty to the charge. When agreeing to plea, Dick's counsel informed the State that Dick would request a Family Offender Sentencing Alternative (FOSA). If sentenced to a FOSA, Dick would serve 12 months of community custody instead of the standard range sentence. The State reserved the right to object to a FOSA.

Although he had only one prior adult felony conviction, Bobbie Dick's prior misdemeanor domestic violence convictions and his being on community custody elevated his offender score to 5, resulting in a standard sentencing range of 33-43 months in prison. The Department of Corrections (DOC) conducted a risk assessment and, despite Dick's eligibility for a FOSA, submitted a report recommending against granting a FOSA. The report noted, "Mr. Dick has shown a consistent and sustained pattern of willful choices to violate a NCO and place the victim, the mother of his children, at risk." Clerk's Papers at 74. The assessment report disclosed that Dick encountered cognitive limitations.

2

At the sentencing hearing on August 9, 2022, the state recommended against a FOSA and urged the court to impose a low-end sentence of 33 months. The State's counsel intoned:

> I've read the 11 page report, the risk assessment report. In order for the State to be able to recommend this, the defendant has to accept responsibility for what he's done. And, it's just completely missing in the assessment report. First of all, in order to get this you have to admit responsibility for what you did and then take the steps to be able to address the issues which you face. And, he simply hasn't done that. So, I can't recommend that.

Report of Procedure (RP) at 36.

During the sentencing hearing, defense counsel told the superior court that the court's only options were between a FOSA and a prison sentence. Counsel mentioned that Bobbie Dick suffered from cognitive difficulties. Defense counsel did not argue any mitigating factors to reduce the sentence below the standard range.

The trial court rejected the FOSA request, while citing Bobbie Dick's lack of an "inner desire" to change and his difficulties with compliance. The court imposed the State's recommended 33-month prison sentence. The court commented that it imposed the sentence "reluctantly," but the court also observed that Dick had had multiple opportunities to change his life, but failed to take advantage of the opportunities. The court mentioned graduated penalties based on the number of violations and commented on Dick's past violations.

The sentencing court found Bobbie Dick to be indigent. Nevertheless, the court imposed a $500 crime victim penalty assessment under RCW 7.68.035 along with a $100 domestic violence assessment under RCW 10.99.080.

LAW AND ANALYSIS

Ineffective Assistance of Counsel

On appeal, Bobbie Dick asks for resentencing because his counsel purportedly performed ineffectively when failing to request a downward exceptional sentence in addition to a FOSA. According to Dick, his sentencing counsel should have sought an exceptional sentence because Po'nee Lazard, the victim, participated in the crime and because of his cognitive difficulties. In the event we do not grant resentencing, he seeks excision of the victim penalty assessment and the domestic violence assessment.

To demonstrate ineffective assistance of counsel, the appellant must establish: (1) that defense counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In this appeal, we only address the second prong. The accused shows prejudice if he shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Under the Sentencing Reform Act of 1981, the trial court has discretion to impose a sentence below the standard range if, to a significant degree, the victim was the initiator

4

or a willing participant. RCW 9.94A.535(1)(a). In this case, the victim informed police that she retrieved Bobbie Dick to Walmart. Dick submits that the circumstances of his case are less egregious than cases involving unwanted contact.

Bobbie Dick also highlights multiple prior mental health diagnoses related to conduct and adjustment disorders. He asserts that the disorders indicate significant impairment of his capacity to understand the wrongfulness of his conduct or to conform his behavior to the law. *See* RCW 9.94A.535(1)(e). An exceptional sentence under RCW 9.94A.535(1)(e) requires demonstrating "not only the existence of the mental condition, but also the requisite connection between the condition and significant impairment of the defendant's ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirement of the law." *State v. Schoredt*, 97 Wn. App. 789, 802, 987 P.2d 647 (1999) (footnote omitted).

To prevail on appeal, Bobbie Dick forwards no evidence that any disorder caused him to fail to understand the unlawful nature of his contact with Po'nee Lazard. Therefore, we cannot rule that the sentencing court would have likely granted an exceptional sentence downward. Dick also forwards no evidence about the circumstances under which Lazard agreed to transport and shop with him.

Bobbie Dick contends that the sentencing court's comments about graduated punishment and reluctance to impose the low end of the standard range sentence means the court likely would have granted a downward sentence if given information that

supported the exceptional sentence. We read the superior court's comments otherwise. The court noted other violations of Dick when speaking about graduated punishment. The court may have been reluctant to impose even the low-end sentence, but the court's scolding of Dick for failing to engage in help that could have changed his life suggests the court would not have sentenced below the standard range. Dick may present new evidence in a personal restraint petition if he continues to seek resentencing due to ineffective assistance of counsel.

Legal Financial Obligations

Bobbie Dick also challenges, because of his indigency, the sentencing court's imposition of legal financial obligations. In 2023, the legislature passed Engrossed Substitute House Bill (ESHB) 1169, which added a provision to RCW 7.68.035 prohibiting courts from imposing the Victim Penalty Assessment (VPA) on indigent defendants, as defined by RCW 10.01.160(3). *See* LAWS of 2023, ch. 449, § 1; RCW 7.68.035(4). Although the amendment took effect after Dick's sentencing, it applies to his case, which remains on direct appeal. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018). The $100 domestic violence assessment is also a discretionary legal financial obligation and cannot be imposed under RCW 10.01.160(3).

The state does not dispute that both the VPA and domestic violence assessment are inapplicable due to Bobbie Dick's indigency. Both should be struck from his judgment and sentence.

No. 39573-1-III
*State v. Dick*

CONCLUSION

We affirm Bobbie Dick's prison sentence, but remand for the striking of the VPA and domestic violence assessment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, A.C.J.